**HEMAR, ROUSSO & HEALD, LLP**
ROBERT V. MCKENDRICK (SBN 169138)
PAMELA L. COX (SBN 191883)
E-mail address: rmckendr@hemar-rousso.com
15910 Ventura Boulevard, Ste. 1201
Encino, CA 91436-2829
Telephone: (818) 501-3800
Facsimile: (818) 501-2985

File No. 20160450-RVM

Attorneys for Plaintiff,
XEROX CORPORATION, a corporation

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XEROX CORPORATION, a corporation,<br><br>Plaintiff,<br>vs.<br><br>EAST WHITTIER CITY SCHOOL DISTRICT,<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>1. Breach of Written Agreement<br>2. Common Counts<br>3. Breach of Written Agreement<br>4. Common Counts<br>5. Breach of Written Agreement<br>6. Common Counts<br>7. Breach of Written Agreement<br>8. Common Counts<br>9. Claim and Delivery<br>10. Breach of Written Agreement<br>11. Common Counts<br>12. Claim and Delivery<br>13. Breach of Written Agreement<br>14. Common Counts<br>15. Claim and Delivery |

Plaintiff, Xerox Corporation, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this dispute because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

2. Venue is properly within this district pursuant to, inter alia, 28 U.S.C. § 1391(a)(2).

///

///

## PARTIES

3. Plaintiff XEROX CORPORATION ("Plaintiff" or "XEROX") is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of New York and is authorized to conduct business in the State of California. Plaintiff's principal place of business is in Norwalk, Connecticut.

4. Plaintiff is informed and believes and thereon alleges that Defendant EAST WHITTIER CITY SCHOOL DISTRICT (hereinafter "Defendant"), is a school district in the state of California.

## FIRST CAUSE OF ACTION

**(Breach of Written Lease Agreement)**

5. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

6. On or about October 11, 2010, Plaintiff and Defendant and Does 1-100, entered into a written Lease Agreement. A true and correct copy of the Lease Agreement (hereinafter, "the Agreement") is attached hereto as Exhibit "1" and incorporated herein by this reference as though fully set forth.

7. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff a minimum monthly payment of $213.38, plus tax and print charges, for a term of sixty (60) months for the lease of certain equipment described as: one (1)WC5775 Printer/4Tray).

8. Theretofore and thereafter, Plaintiff duly performed all conditions precedent on its part required to be performed.

9. On or about September 2, 2015, Defendant defaulted under the terms of the Agreement by failing to make the payments as they became due.

10. Pursuant to the terms of the Agreement all past due balances will accrue interest at the rate of eighteen (18%) percent per annum from the day any such balance becomes past due.

11. Pursuant to the terms of the Agreement, upon Defendant's default, Plaintiff is entitled to accelerate the balances due under the terms of the Agreement. The accelerated balance for the Agreement is the sum of $466.28.

12. No part of said sum has been paid, although demand therefor has been made and there is now due, owing and unpaid from Defendants to Plaintiff, the sum of $466.28, together with interest thereon at the rate of eighteen (18%) per annum from September 2, 2015 until paid in full or until judgment is entered.

13. The Agreement also provides for the payment of all costs and expenses incurred by Plaintiff in legal proceedings, including attorney's fees in connection with the enforcement of remedies under the terms of the Agreement. Plaintiff has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of instituting this action and is, therefore, entitled to reasonable attorney's fees according to proof.

## SECOND CAUSE OF ACTION

**(Common Counts)**

14. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

15. Within four years last past, Defendants became indebted to Plaintiff in the sum of $466.28 for monies had and received relative to the Exhibit "1" Lease.

16. XEROX has repeatedly demanded payment from Defendants but no part of said sum has been paid. There is now due and owing from Defendants the sum of $466.28, plus interest thereon at the legal rate from September 2, 2015.

## THIRD CAUSE OF ACTION

**(Breach of Written Lease Agreement)**

17. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

18. On or about October 11, 2010, Plaintiff and Defendant and Does 1-100, entered into a written Lease Agreement. A true and correct copy of the Lease Agreement (hereinafter, "the Agreement") is attached hereto as Exhibit "2" and incorporated herein by this reference as though fully set forth.

///

///

19. Pursuant to the terms of the Agreement, Defendant agreed to lease from Plaintiff four (4) WC5775 Printer/4Tray pieces of equipment with monthly lease payments of $213.38 plus print charges, and three (3) WC5790 Printer/4Tray pieces of equipment with monthly lease payments of $244.18 plus print charges, for lease term of sixty months.

20. Theretofore and thereafter, Plaintiff duly performed all conditions precedent on its part required to be performed.

21. On or about September 2, 2015, Defendant defaulted under the terms of the Agreement by failing to make the payments as they became due.

22. Pursuant to the terms of the Agreement all past due balances will accrue interest at the rate of eighteen (18%) percent per annum from the day any such balance becomes past due.

23. Pursuant to the terms of the Agreement, upon Defendant's default, Plaintiff is entitled to accelerate the balances due under the terms of the Agreement. The accelerated balance for the Agreement is the sum of $6,468.73.

24. No part of said sum has been paid, although demand therefor has been made and there is now due, owing and unpaid from Defendants to Plaintiff, the sum of $6,468.73, together with interest thereon at the rate of eighteen (18%) per annum from September 2, 2015 until paid in full or until judgment is entered.

25. The Agreement also provides for the payment of all costs and expenses incurred by Plaintiff in legal proceedings, including attorney's fees in connection with the enforcement of remedies under the terms of the Agreement. Plaintiff has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of instituting this action and is, therefore, entitled to reasonable attorney's fees according to proof.

**<u>FOURTH CAUSE OF ACTION</u>**

**(Common Counts)**

26. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

27. Within four years last past, Defendants became indebted to Plaintiff in the sum of $6,468.73 for monies had and received relative to the Exhibit "2" Agreement.

28. XEROX has repeatedly demanded payment from Defendants but no part of said sum has been paid. There is now due and owing from Defendants the sum of $6,468.73, plus interest thereon at the legal rate from September 2, 2015.

## FIFTH CAUSE OF ACTION

### (Breach of Written Lease Agreement)

29. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

30. On or about October 10, 2012, Plaintiff and Defendant and Does 1-100, entered into a written Lease Agreement. A true and correct copy of the Lease Agreement (hereinafter, "the Agreement") is attached hereto as Exhibit "3" and incorporated herein by this reference as though fully set forth.

31. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff a minimum monthly payments of $244.16 plus print charges and a monthly payment of of $244.16 plus print charges for a term of sixty (60) months for the lease of certain equipment described as: two (2) 5790PT pieces of equipment

32. Theretofore and thereafter, Plaintiff duly performed all conditions precedent on its part required to be performed.

33. On or about September 3, 2015, Defendant defaulted under the terms of the Agreement by failing to make the payments as they became due.

34. Pursuant to the terms of the Agreement all past due balances will accrue interest at the rate of eighteen (18%) percent per annum from the day any such balance becomes past due.

35. Pursuant to the terms of the Agreement, upon Defendant's default, Plaintiff is entitled to accelerate the balances due under the terms of the Agreement. The accelerated balance for the Agreement is the sum of $564.81.

36. No part of said sum has been paid, although demand therefor has been made and there is now due, owing and unpaid from Defendants to Plaintiff, the sum of $564.81, together with interest thereon at the rate of eighteen (18%) per annum from September 3, 2015 until paid in full or until judgment is entered.

37. The Agreement also provides for the payment of all costs and expenses incurred by Plaintiff in legal proceedings, including attorney's fees in connection with the enforcement of remedies under the terms of the Agreement. Plaintiff has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of instituting this action and is, therefore, entitled to reasonable attorney's fees according to proof.

**SIXTH CAUSE OF ACTION**

**(Common Counts)**

38. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

39. Within four years last past, Defendants became indebted to Plaintiff in the sum of $564.81 for monies had and received relative to the Exhibit "3" Agreement.

40. XEROX has repeatedly demanded payment from Defendants but no part of said sum has been paid. There is now due and owing from Defendants the sum of $564.81, plus interest thereon at the legal rate from September 3, 2015.

**SEVENTH CAUSE OF ACTION**

**(Breach of Written Lease Agreement)**

41. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

42. On or about September 6, 2011, Plaintiff and Defendant and Does 1-100, entered into a written Lease Agreement. A true and correct copy of the Lease Agreement (hereinafter, "the Agreement") is attached hereto as Exhibit "4" and incorporated herein by this reference as though fully set forth.

43. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff a minimum monthly payment of $2,283.43, plus tax, after the introductory period, for a term of sixty (60) months for the lease of certain equipment described as: one P120MFFC.

44. Pursuant to the terms of the Agreement, Defendant also agreed to pay print charges for prints produced by the P120MFFC at the rate of $.0014 per copy.

///

45. Theretofore and thereafter, Plaintiff duly performed all conditions precedent on its part required to be performed.

46. On or about December 2, 2015, Defendant defaulted under the terms of the Agreement by failing to make the payments as they became due.

47. Pursuant to the terms of the Agreement all past due balances will accrue interest at the rate of eighteen (18%) percent per annum from the day any such balance becomes past due.

48. Pursuant to the terms of the Agreement, upon Defendant's default, Plaintiff is entitled to accelerate the balances due under the terms of the Agreement. The accelerated balance for the Agreement is the sum of $53,014.16.

49. No part of said sum has been paid, although demand therefor has been made and there is now due, owing and unpaid from Defendants to Plaintiff, the sum of $53,014.16, together with interest thereon at the rate of eighteen (18%) per annum from December 2, 2015 until paid in full or until judgment is entered.

50. The Agreement also provides for the payment of all costs and expenses incurred by Plaintiff in legal proceedings, including attorney's fees in connection with the enforcement of remedies under the terms of the Agreement. Plaintiff has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of instituting this action and is, therefore, entitled to reasonable attorney's fees according to proof.

## EIGHTH CAUSE OF ACTION

**(Common Counts)**

51. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

52. Within four years last past, Defendants became indebted to Plaintiff in the sum of $53,014.16 for monies had and received relative to the Exhibit "4" Lease.

53. XEROX has repeatedly demanded payment from Defendants but no part of said sum has been paid. There is now due and owing from Defendants the sum of $53,014.16, plus interest thereon at the legal rate from December 2, 2015.

///

**NINTH CAUSE OF ACTION**

**(Claim and Delivery Against All Defendants)**

54. Plaintiff refers to paragraphs 41 - 50 of its Seventh Cause of Action and by this reference incorporates the same herein as though fully set forth.

55. Plaintiff is informed and believes and thereon alleges that the equipment listed in the Exhibit "4" Agreement is in the possession of Defendants.

56. Plaintiff alleges that said equipment was, at the commencement of this action, located at 14535 Whittier Boulevard, Whittier, CA 90605.

57. Pursuant to the terms of the Agreement and by virtue of the aforementioned default, Plaintiff is entitled to immediate possession of each and every item of the equipment described in the Agreement.

58. Plaintiff has made demand upon Defendants for the return of said equipment to Plaintiff. As a consequence thereof, the equipment is wrongfully retained by Defendants.

59. The equipment was not taken from Plaintiff for a tax, assessment, or fine, pursuant to statute, nor seized under execution against Plaintiff.

60. By virtue of the wrongful possession of Plaintiff's personal property by Defendants, Plaintiff is entitled to and demands immediate possession of the equipment pursuant to the Agreement.

**TENTH CAUSE OF ACTION**

**(Breach of Written Lease Agreement)**

61. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

62. On or about September 9, 2011, Plaintiff and Defendant and Does 1-100, entered into a written Lease Agreement. A true and correct copy of the Lease Agreement (hereinafter, "the Agreement") is attached hereto as Exhibit "5" and incorporated herein by this reference as though fully set forth.

///

///

63. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff a minimum monthly payment of $177.21 for the lease of a SCAN665C and $144.74 for the lease of a PPS2MKRC, plus tax, for a term of sixty (60 ) months

64. Theretofore and thereafter, Plaintiff duly performed all conditions precedent on its part required to be performed.

65. On or about January 20, 2016, Defendant defaulted under the terms of the Agreement by failing to make the payments as they became due.

66. Pursuant to the terms of the Agreement all past due balances will accrue interest at the rate of eighteen (18%) percent per annum from the day any such balance becomes past due.

67. Pursuant to the terms of the Agreement, upon Defendant's default, Plaintiff is entitled to accelerate the balances due under the terms of the Agreement. The accelerated balance for the Agreement is the sum of $4,644.48.

68. No part of said sum has been paid, although demand therefor has been made and there is now due, owing and unpaid from Defendants to Plaintiff, the sum of $4,644.48, together with interest thereon at the rate of eighteen (18%) per annum from January 20, 2016 until paid in full or until judgment is entered.

69. The Agreement also provides for the payment of all costs and expenses incurred by Plaintiff in legal proceedings, including attorney's fees in connection with the enforcement of remedies under the terms of the Agreement. Plaintiff has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of instituting this action and is, therefore, entitled to reasonable attorney's fees according to proof.

**ELEVENTH CAUSE OF ACTION**

**(Common Counts)**

70. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

71. Within four years last past, Defendants became indebted to Plaintiff in the sum of $4,644.48 for monies had and received relative to the Exhibit "5" Agreement.

///

72. XEROX has repeatedly demanded payment from Defendants but no part of said sum has been paid. There is now due and owing from Defendants the sum of $4,644.48, plus interest thereon at the legal rate from January 20, 2016.

**TWELFTH CAUSE OF ACTION**

**(Claim and Delivery Against All Defendants)**

73. Plaintiff refers to paragraphs 61 - 69 of the Tenth Cause of Action and by this reference incorporates the same herein as though fully set forth.

74. Plaintiff is informed and believes and thereon alleges that the equipment listed in the Exhibit "5" Agreement is in the possession of Defendants.

75. Plaintiff alleges that said equipment was, at the commencement of this action, located at 14535 Whittier Boulevard, Whittier, CA 90605.

76. Pursuant to the terms of the Agreement and by virtue of the aforementioned default, Plaintiff is entitled to immediate possession of each and every item of the equipment described in the Agreement.

77. Plaintiff has made demand upon Defendants for the return of said equipment to Plaintiff. As a consequence thereof, the equipment is wrongfully retained by Defendants.

78. The equipment was not taken from Plaintiff for a tax, assessment, or fine, pursuant to statute, nor seized under execution against Plaintiff.

79. By virtue of the wrongful possession of Plaintiff's personal property by Defendants, Plaintiff is entitled to and demands immediate possession of the equipment pursuant to the Agreement.

**THIRTEENTH CAUSE OF ACTION**

**(Breach of Written Lease Agreement)**

80. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

81. On or about February 3, 2012, Plaintiff and Defendant and Does 1-100, entered into a written Lease Agreement. A true and correct copy of the Lease Agreement (hereinafter, "the Agreement") is attached hereto as Exhibit "6" and incorporated herein by this reference as though

fully set forth.

82. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff a minimum monthly payment of $3,663.57 for the lease of a 144DPSC, plus tax, for a term of sixty-nine (69) months

83. Theretofore and thereafter, Plaintiff duly performed all conditions precedent on its part required to be performed.

84. On or about December 19, 2015, Defendant defaulted under the terms of the Agreement by failing to make the payments as they became due.

85. Pursuant to the terms of the Agreement all past due balances will accrue interest at the rate of eighteen (18%) percent per annum from the day any such balance becomes past due.

86. Pursuant to the terms of the Agreement, upon Defendant's default, Plaintiff is entitled to accelerate the balances due under the terms of the Agreement. The accelerated balance for the Agreement is the sum of $101,944.24.

87. No part of said sum has been paid, although demand therefor has been made and there is now due, owing and unpaid from Defendants to Plaintiff, the sum of $101,944.24, together with interest thereon at the rate of eighteen (18%) per annum from December 19, 2015 until paid in full or until judgment is entered.

88. The Agreement also provides for the payment of all costs and expenses incurred by Plaintiff in legal proceedings, including attorney's fees in connection with the enforcement of remedies under the terms of the Agreement. Plaintiff has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of instituting this action and is, therefore, entitled to reasonable attorney's fees according to proof.

## FOURTEENTH CAUSE OF ACTION

### (Common Counts)

89. XEROX incorporates each and every allegation contained in paragraphs 1 through 4 with the same force and effect as if set forth fully herein.

90. Within four years last past, Defendants became indebted to Plaintiff in the sum of $101,944.24 for monies had and received relative to the Exhibit "6" Agreement.

91. XEROX has repeatedly demanded payment from Defendants but no part of said sum has been paid. There is now due and owing from Defendants the sum of $101,944.24, plus interest thereon at the legal rate from December 19, 2015.

**FIFTEENTH CAUSE OF ACTION**

**(Claim and Delivery Against All Defendants)**

92. Plaintiff refers to paragraphs 80 - 88 of its Thirteenth Cause of Action and by this reference incorporates the same herein as though fully set forth.

93. Plaintiff is informed and believes and thereon alleges that the equipment listed in the Exhibit “6” Agreement is in the possession of Defendants.

94. Plaintiff alleges that said equipment was, at the commencement of this action, located at 14535 Whittier Boulevard, Whittier, CA 90605.

95. Pursuant to the terms of the Agreement and by virtue of the aforementioned default, Plaintiff is entitled to immediate possession of each and every item of the equipment described in the Agreement.

96. Plaintiff has made demand upon Defendants for the return of said equipment to Plaintiff. As a consequence thereof, the equipment is wrongfully retained by Defendants.

97. The equipment was not taken from Plaintiff for a tax, assessment, or fine, pursuant to statute, nor seized under execution against Plaintiff.

98. By virtue of the wrongful possession of Plaintiff's personal property by Defendants, Plaintiff is entitled to and demands immediate possession of the equipment pursuant to the Agreement.

WHEREFORE, pursuant to its Complaint, Plaintiff prays Judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For the principal sum of $466.28;

2. For interest thereon at the rate of eighteen (18%) per annum from September 2, 2015;

3. For reasonable attorneys’ fees according to proof.

**AS TO THE SECOND CAUSE OF ACTION:**

4. For the principal sum of $466.28;

5. Plus interest thereon at the rate of ten (10%) per annum from September 2, 2015;

**AS TO THE NINTH, TWELFTH, AND FIFTEENTH CAUSES OF ACTION:**

6. For recovery of possession of said personal property or its market value in case delivery cannot be had, or any deficiency due to sale after repossession;

**AS TO THE THIRD CAUSE OF ACTION:**

7. For the principal sum of $6,468.73;

8. For interest thereon at the rate of eighteen (18%) per annum from September 2, 2015;

9. For reasonable attorneys' fees according to proof.

**AS TO THE FOURTH CAUSE OF ACTION:**

10. For the principal sum of $6,468.73;

11. Plus interest thereon at the rate of ten (10%) per annum from September 2, 2015;

**AS TO THE FIFTH CAUSE OF ACTION:**

12. For the principal sum of $564.81;

13. For interest thereon at the rate of eighteen (18%) per annum from September 3, 2015;

14. For reasonable attorneys' fees according to proof.

**AS TO THE SIXTH CAUSE OF ACTION:**

15. For the principal sum of $564.81;

16. Plus interest thereon at the rate of ten (10%) per annum from September 3, 2015;

///

///

///

**AS TO THE SEVENTH CAUSE OF ACTION:**

17. For the principal sum of $53,014.16;

18. For interest thereon at the rate of eighteen (18%) per annum from December 2, 2015;

19. For reasonable attorneys' fees according to proof.

**AS TO THE EIGHTH CAUSE OF ACTION:**

20. For the principal sum of $53,014.16;

21. Plus interest thereon at the rate of ten (10%) per annum from December 2, 2015;

**AS TO THE TENTH CAUSE OF ACTION:**

22. For the principal sum of $4,644.48;

23. For interest thereon at the rate of eighteen (18%) per annum from January 20, 2016;

24. For reasonable attorneys' fees according to proof.

**AS TO THE ELEVENTH CAUSE OF ACTION:**

25. For the principal sum of $4,644.48;

26. Plus interest thereon at the rate of ten (10%) per annum from January 20, 2016;

**AS TO THE THIRTEENTH CAUSE OF ACTION:**

27. For the principal sum of $101,944.24;

28. For interest thereon at the rate of eighteen (18%) per annum from December 19, 2015;

29. For reasonable attorneys' fees according to proof.

**AS TO THE FOURTEENTH CAUSE OF ACTION:**

30. For the principal sum of $101,944.24;

31. Plus interest thereon at the rate of ten (10%) per annum from December 19, 2015;

///

**AS TO ALL CAUSES OF ACTION:**

32. For costs of suit incurred herein;

33. For such other and further relief as the Court may deem just and proper;

Dated: October 21, 2016

HEMAR, ROUSSO & HEALD, LLP

By:________________________
ROBERT V. MCKENDRICK
Attorneys for Plaintiff